1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER L.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-5761-SKV

ORDER REVERSING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1971, has an 11th-grade education, and has worked as a mechanic assistant and hospital housekeeper. AR 53-57. Plaintiff was last gainfully employed in October 2017. AR 267.

In February 2018, Plaintiff applied for benefits, alleging disability as of October 1, 2017. AR 196-201. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

requested a hearing.  AR 117-19, 121-23, 128-29. After the ALJ conducted a hearing in August 2021 (AR 47-83), the ALJ issued a decision finding Plaintiff not disabled.  AR 29-36.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**:  Plaintiff has the following severe impairments: migraines, post-traumatic stress disorder, and mood disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform a full range of work at all exertional levels with the following non-exertional limitations: he can have occasional exposure to bright light, loud noise, and vibration.  He can understand, remember, and apply detailed, but not complex, instructions.  He can perform predictable tasks.  He cannot work in a fast-paced production-type environment.  He can tolerate occasional workplace changes and occasional interaction with the general public.

**Step four**:  Plaintiff can perform his past job as a hospital cleaner and is therefore not disabled.

AR 29-36.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-7.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.

### LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

2005).  As a general principle, an ALJ's error may be deemed harmless where it is

"inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104,

1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to

determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving

conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v.*

*Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record

as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

must be upheld.  *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by discounting his subjective testimony and in assessing a

medical opinion.  The Commissioner argues the ALJ's decision is free of harmful legal error,

supported by substantial evidence, and should be affirmed.

### A.    The ALJ Erred in Discounting Plaintiff's Headache Allegations

The ALJ summarized Plaintiff's allegations and explained that he discounted them

because the objective evidence demonstrates improvement in Plaintiff's migraines and mental

health conditions with treatment, and testing contradicts Plaintiff's allegation of memory

problems.  AR 36-38.  Absent evidence of malingering, an ALJ must provide clear and

1    convincing reasons to discount a claimant's testimony.  *See Burrell v. Colvin*, 775 F.3d 1133,

2    1136-37 (9th Cir. 2014).

3         Plaintiff contends that the ALJ failed to provide legally sufficient reasons to discount his

4    testimony.  Specifically, Plaintiff argues that the ALJ overstated the extent of his improvement in

5    headaches.  Plaintiff admits that his migraines improved somewhat in 2021, but emphasizes that

6    he continued to complain of daily headaches even after experiencing that improvement.  Dkt. 16

7    at 14 (citing AR 1046-47, 1069, 1211, 1213).  The ALJ also acknowledged that Plaintiff

8    continued to report daily headaches even after experiencing some relief with medication.  *See*

9    AR 37.  The ALJ emphasized that despite these daily headaches, Plaintiff's providers often

10   described him as in "no acute distress."  *Id*.

11        That Plaintiff was observed to be in "no acute distress" on many occasions does not

12   create a meaningful inconsistency with Plaintiff's allegations of daily headaches that cause (as

13   the ALJ summarized (AR 36)) dizziness, fatigue, ear ringing, and loss of appetite, and limit his

14   ability to engage in activities, particularly those activities requiring exertion (*see, e.g.*, AR 1211-

15   12).  *See, e.g.*, *Leza v. Kijakazi*, 2022 WL 819782, at *3 (9th Cir. Mar. 17, 2022) (finding that an

16   ALJ's references to cursory normal findings, including observations of a claimant in "no acute

17   distress," do not constitute a clear and convincing reason to discount symptom allegations).

18   Plaintiff's provider described his improvement as "modest" (AR 1213), which is consistent with

19   Plaintiff's hearing testimony that treatment lessened the intensity of his headaches to a limited

20   degree.  *See* AR 59-60.  The findings describing Plaintiff in "no acute distress" do not contradict

21   Plaintiff's allegations that the headaches have persisted despite treatment, a fact that the ALJ

22   does not dispute.  *See* AR 36.  In the absence of a clear and convincing reason to discount

23   Plaintiff's testimony that his headaches continued to cause disabling limitations, even after he

1   experienced modest improvement with treatment, the ALJ erred in discounting Plaintiff's

2   allegations on this issue.

3        Plaintiff also argues that the ALJ erred in discounting his mental allegations in light of

4   his improvement, contending that the ALJ's reasoning is not connected "to any tangible

5   improvement in [his] overall functioning." Dkt. 16 at 18.  Plaintiff is mistaken: the ALJ noted

6   that Plaintiff's symptoms improved with treatment and that "examination reports document

7   improvement in areas like eye contact, speech, thought process, memory, and concentration."

8   AR 38.  Those findings are directly relevant to Plaintiff's functioning, particularly because

9   Plaintiff alleged memory and concentration deficits.  *See* AR 36.  The ALJ cited evidence

10  inconsistent with Plaintiff's allegations of disabling mental limitations, and thus provided a

11  legally sufficient reason to discount these allegations.  *See Carmickle v. Comm'r of Soc. Sec.*

12  *Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a

13  sufficient basis for rejecting the claimant's subjective testimony.").  The Court finds no error in

14  this line of the ALJ's reasoning.

15      **B.**    **The ALJ Did Not Err in Assessing the Opinion of Justin Stamschror, M.D.**

16       Under regulations applicable to this case, the ALJ is required to articulate the

17  persuasiveness of each medical opinion, specifically with respect to whether the opinions are

18  supported and consistent with the record.  20 C.F.R. § 404.1520c(a)-(c).  An ALJ's consistency

19  and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*,

20  32 F.4th 785, 792 (9th Cir. 2022).

21       In this case, Dr. Stamschror examined Plaintiff in July 2020 and opined that he had

22  "impaired" or "likely impaired" abilities in a variety of areas of workplace functions.  AR 947-

23  51.  Dr. Stamschror did not identify the degree of impairment in most of the functional

categories, but did specify that Plaintiff's "current level of irritability . . . would likely preclude him from finishing a complete day of work."  AR 951.  The ALJ found that Dr. Stamschror's opinion was not persuasive because: (1) it was vague, in that it does not specify the degree of difficulty that Plaintiff would have in most of the categories of workplace functioning; and (2) to the extent that Dr. Stamschror's opinion suggests the existence of disabling mental limitations, that opinion is inconsistent with the record, which includes evidence of Plaintiff's normal cognitive testing, his ability to drive (despite Plaintiff's statement to Dr. Stamschror that he did not drive), and objective findings showing cooperative behavior and improved memory and concentration.  AR 39-40.

Plaintiff argues that the ALJ erred in failing to assess the supportability of Dr. Stamschror's opinion, but Plaintiff is mistaken.  Although the ALJ did not use the word "supportability," the ALJ's findings with respect to the vagueness of Dr. Stamschror's conclusions pertain to the supportability of the opinion because they address the relevance of Dr. Stamschror's explanation.  *See* 20 C.F.R. § 404.1520c(c)(1) (explaining that the "supportability" factor addresses the relevance of the objective evidence presented in support of an opinion, as well as the "supporting explanations" provided by the medical source).  That the ALJ did not use the word "supportability" is not dispositive.  *See Woods*, 32 F.4th at 793 n.4 (construing the ALJ's finding that an opinion was "not supported by" the record as a consistency finding, although the ALJ did not use that term precisely); *Bissmeyer v. Kijakazi*, 2023 WL 1099161, at *7 (E.D. Cal. Jan. 30, 2023) ("As to apparent supportability, the ALJ also found Dr. Serra's sitting limitation 'somewhat vague' because Dr. Serra did not specify whether Plaintiff was limited to sitting up to four hours at one time or four hours total in an eight-hour workday.").  The vagueness with which Dr. Stamschror described most of Plaintiff's limitations renders his

1    explanation unhelpful to the ALJ's task in determining Plaintiff's RFC, and thus the ALJ

2    reasonably found that Dr. Stamschror's opinion was not persuasive on this basis.

3         The ALJ's consistency finding is also supported by substantial evidence.  The ALJ cited

4    normal findings as to Plaintiff's intellectual and memory testing (AR 730-31), which undermines

5    the cognitive limitations that Dr. Stamschror referenced, and the ALJ also referenced conflicts

6    between Plaintiff's self-report to Dr. Stamschror and other evidence in the record.[3]  AR 40.  The

7    ALJ went on to cite improvement as to Plaintiff's behavior, memory, and concentration in the

8    treatment notes.  *Id*. (citing *inter alia* AR 1090, 1095, 1100).  Substantial evidence supports the

9    ALJ's finding that Dr. Stamschror's opinion is inconsistent with the record, and the ALJ did not

10   err in finding the opinion not persuasive on this basis.

11        For these reasons, the Court finds no harmful legal error in the ALJ's assessment of Dr.

12   Stamschror's opinion.

13                                    **CONCLUSION**

14        For the reasons set forth above, the Commissioner's final decision is **REVERSED** and

15   this case is **REMANDED** for further administrative proceedings under sentence four of 42

16   U.S.C. § 405(g).  On remand, the ALJ should reconsider Plaintiff's subjective headache-related

17   allegations.

18        Dated this 1st day of May, 2023.

19

20                                    S. KATE VAUGHAN
                                      United States Magistrate Judge

21

22   ---
[3] Plaintiff disputes the ALJ's finding that he misrepresented his ability to drive to Dr. Stamschror (Dkt. 16

23   at 8-9), but the Court finds that the ALJ's interpretation is reasonable.  Plaintiff told Dr. Stamschror that
     since his 2008 car accident he has not been able to drive and depends on his wife for transportation (AR
     949), yet testified at the 2021 hearing that he continues to drive three times a week, albeit with some
     limitations (AR 73-75).

ORDER REVERSING THE COMMISSIONER'S
DECISION - 7